Filed 3/27/26  P. v. Roberts CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERIC PATRICK ROBERTS,<br><br>    Defendant and Appellant. | D086830<br><br><br>(Super. Ct. No. SCD237246) |

APPEAL from an order of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed.

Eric Patrick Roberts, in pro. per.; and Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

MEMORANDUM OPINION

Eric Patrick Roberts appeals from an order following a bench trial recommitting him as an offender with mental health disorder (OMHD) under

Penal Code sections 2970 and 2972.[1]  His counsel on appeal has filed an opening brief asking this court to conduct an independent review of the record under *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436) (*Wende*).  Roberts was given the opportunity to file a supplemental brief and then submitted a letter disclaiming his guilt on the qualifying offense and asserting he is in remission.  As explained below, we conclude there is no reversible error and therefore affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2014, Roberts pled guilty to assault with intent to commit rape (§ 220, subd. (a)(1)), admitting an enhancement under section 667.5, subdivision (b).  The court sentenced Roberts to a total prison term of five years.

In 2016, Roberts was committed to the California Department of State Hospitals as an OMHD under section 2962. Each year since 2019, the court has ordered a one-year extension of Roberts's civil commitment under sections 2970 and 2972.  In support of the March 2025 petition, the People attached an affidavit from the medical director of a state hospital.  The medical director opined that Roberts suffered from a "severe mental disorder" that was "not in remission," that his disorder could not be kept in remission if his treatment was not continued, and that he "represent[ed] a substantial danger of physical harm to others."  This opinion was supported by an included forensic report.

---

[1]  Further undesignated statutory references are to the Penal Code.

OMHD prisoners were previously referred to as mentally disordered offenders or MDOs, but the Legislature changed the terminology in 2019. (*People v. McCray* (2023) 98 Cal.App.5th 260, 264, fn. 1.)

2

Roberts denied the allegations in the petition and requested a bench trial. The court appointed two doctors to examine Roberts and provide opinions about whether his commitment should be extended for another year. Both doctors appointed by the court submitted reports that indicated Roberts has a severe mental illness which is not in remission and requires continuing treatment. One worried that Roberts would "decompensate and become symptomatic if he were discharged into the community" and would "represent a substantial risk of physical harm to others." Similarly, at the bench trial, two doctors testified that Roberts suffered from a severe mental disorder that was not in remission, citing continued hallucinations, anxiety, and self-injurious behavior. Accordingly, they each determined that Roberts represented "a substantial danger of physical harm to others" and was not prepared for discharge.

Finally, Roberts elected to testify. He agreed with his diagnosis and identified the symptoms associated with it—paranoia and delusions—admitting that he experienced those symptoms in the preceding six months. He claimed he was compliant with his medication and had completed a discharge plan; he provided a variety of explanations for missing group programs. Roberts admitted an increase in anxiety, which he attributed to his commitment. He testified that he did not commit the crime he was incarcerated for and disputed the details of the incident.

Ultimately, the court determined the petition's allegations were true and recommitted Roberts to the California Department of State Hospitals for an additional one-year term, until July 15, 2026.

DISCUSSION

Roberts's appointed appellate counsel filed a brief under the authority of *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, setting forth

3

a statement of the case and a summary of the facts and procedural history. Counsel raised no specific issues on appeal, arguing an *Anders/Wende* approach is appropriate.

On November 24, 2025, we issued an order stating that Roberts's counsel had filed a brief identifying no arguable issues and granting Roberts 30 days to file a supplemental brief. On December 29, Roberts filed a letter in which he stated, among other things, that he is in remission and prepared to be released. He asserted he was not guilty of the underlying crime to which he pled guilty, in part because "nobody got hurt and nothing was missing or stolen from the residence."

The supplemental brief submitted by Roberts does not expressly set forth any specific argument for reversible error in the issuance of the extension order. But he appears to implicitly argue there is insufficient evidence to support his recommitment. In so arguing, he has the burden on appeal to show that substantial evidence does not support the order. "When a civil appeal challenges findings of fact, the appellate court's power begins and ends with a determination of whether there is any substantial evidence— contradicted or uncontradicted—to support the trial court's findings." (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 582.) The testimony of a single credible witness may constitute substantial evidence. (*In re Marriage of Mix* (1975) 14 Cal.3d 604, 614.) If an appellant's brief cites only evidence favorable to the appellant and disregards evidence that supports a judgment, we may treat a substantial evidence argument as forfeited and presume that the record contains evidence sufficient to support the judgment. (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218 (*Doe*).)

4

It may be that Roberts forfeited any substantial evidence argument on appeal by referencing evidence favorable to him and disregarding evidence that supports the order.  (*Doe, supra*, 177 Cal.App.4th at p. 218.)  But even if we assume he has not forfeited that contention, we conclude that substantial evidence supports the order.  The record shows that examining psychologists interviewed Roberts, consulted treatment team members, reviewed his treatment records, probation report, and prior forensic evaluations.  They considered Roberts's continued hallucinations, increased anxiety, and self-injurious behavior.  Although Roberts was compliant with his medication regimen, he was inconsistent with his attendance at groups and lacked insight into his qualifying conviction.

Based on the expert reports, testimony, and other evidence in the record, we conclude there is substantial evidence to support the court's true finding on the petition's allegations and the order extending Roberts's commitment pursuant to sections 2970 and 2972.

In light of this analysis, we decline to exercise our discretion to independently review the record on appeal for reversible error.  (Cf. *People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232 [in § 1172.6 resentencing case, when appointed counsel submits briefs finding no arguable issues, appellate court must evaluate specific arguments in appellant's supplemental brief but need not independently review the record on appeal to identify unraised issues].)

5

## DISPOSITION

The order extending Roberts's commitment pursuant to sections 2970 and 2972 is affirmed.

DATO, Acting P. J.

WE CONCUR:


BUCHANAN, J.


KELETY, J.

6